Bray v. Flickinger et al.

## BRAY v. FLICKINGER ET AL.

69 167
127 403

1. **Chattel Mortgage**: NOTICE TO MORTGAGEE OF ANOTHER'S TITLE: ESTOPPEL. Where the owner of a stock of goods leaves them in the possession of another, under such circumstances that such other person appears to be the absolute owner of them, and the person thus in possession mortgages them to a third person, who has knowledge of the rights of the true owner, the latter is not estopped to set up his claim against the mortgagee.

2. **Evidence**: BILL OF SALE: SECONDARY. A mortgagee of chattels, to establish his right under the title of the mortgagor, cannot be allowed to testify that the mortgagor showed to him a bill of sale to himself for the goods, without first accounting for the absence of the bill of sale itself.

*Appeal from Pottawattamie Circuit Court.*

THURSDAY, JUNE 17.

ACTION to recover specific personal property, consisting of a stock of boots and shoes. The defendants pleaded that one Skiles was the owner and in possession of the goods in controversy; that he advertised the same as his property, and as such was engaged in selling the same; and that, being such owner, and in possession of the goods, Skiles executed a mortgage thereon to one of the defendants, and, default having been made in payment of the amount secured by the

mortgage, the defendants had taken possession of the goods thereunder. Trial by jury. Judgment for the defendants, and the plaintiff appeals.

*Smith, Carson & Harl*, for appellant.

*Flickinger Bros.* and *Jacob Sims*, for appellees.

SEEVERS, J.—I. The plaintiff introduced evidence tending to show that he was the owner of the goods in controversy, and that the defendant Flickinger had knowledge of such fact at the time he took the mortgage under which he claims of Skiles; and the defendants introduced evidence tending to show that Skiles was in possession of the goods, using and controlling them in all respects as his own; that the plaintiff had knowledge of this fact; and that under such circumstances the defendant Flickinger took a mortgage on the goods of Skiles to secure an indebtedness actually due him. The plaintiff asked the court to instruct the jury as follows: "If you find from the evidence that the plaintiff was, at the time of the taking of the chattel mortgage in controversy, the owner of the property in controversy; and that the defendant A. T. Flickinger had, at the time of taking said mortgage, actual notice or knowledge of the ownership of plaintiff, the defendant will be thereby estopped from claiming any interest in said property adverse to the plaintiff by virtue of said mortgage." This instruction was refused. It, or one embracing the same legal thought, should have been given.

Counsel for the appellees contend that the plaintiff is estopped from claiming the goods, although he owns them, because he permitted Skiles to use, control, and hold himself out to the world as the owner thereof. Possibly this would be so if the appellees had no notice or knowledge of the facts at the time the mortgage was taken under which they claim. It will be observed that the instruction refused submits the question of notice or knowledge to the jury, and, if

they so found, then the plaintiff was not estopped from proving the true facts. There is no element of estoppel in such case. The defendant Flickinger had knowledge of the true facts,—that is, there was evidence so tending when he took his mortgage,—and he was not in any respect deceived, and therefore has no right to plead and rely on an estoppel in his favor. The instructions given are objected to, but we cannot consider the objections, because the assignment of errors is not sufficiently specific. But no instruction was given which embraced the proposition contained in the instruction refused.

II. The defendant Flickinger was a witness for defendants, and, against the objections of the plaintiff, was permitted to testify that Skiles exhibited to him a bill of sale from the plaintiff to him (Skiles) of the goods in controversy. In the admission of this evidence the court erred, for the reason that it clearly was secondary, and no showing whatever was made why the primary evidence was not introduced.

The judgment of the circuit court is

REVERSED.